**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

AUG 1 4 2024

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

**CHEEZY PULLIAM**                                                    **PLAINTIFF**

**V.**                        CASE NO. 2:24-CV-148-BSM

**EARNEST CHAD RASH; individually and**
**in his official capacity, as an officer for**
**the City of West Memphis**                                   **DEFENDANTS**

### NOTICE OF REMOVAL

Comes now Defendant, Earnest Chad Rash, in his official capacity only[1], ("City"), by and

through its attorney, Jenna Adams, and for its Notice of Removal, states as follows:

1.      Plaintiff filed a Complaint on June 20, 2024, in the Circuit Court of Crittenden

County, Arkansas, Case No. 18CV-24-501. The Defendant named was Earnest Chad Rash,

individually and in his official capacity, as an Officer for the City of West Memphis.

2.      The City filed an Answer to the Complaint on August 14, 2024. The City has

simultaneously filed a Notice of Parties and State Court of Removal with the Circuit Court of

Crittenden County, Arkansas, pursuant to 28 U.S.C. §1446(d).

3.      Plaintiff's Complaint alleges violations of his constitutional rights under 42 U.S.C.

§§ 1981, 1983, 1985, 1986, including violations of the First, Fourth, and Fourteenth Amendments

to the United States Constitution, as well as violations under Title VII, the Arkansas Constitution,

Arkansas Civil Rights Act, and the state tort claims of assault and battery.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal

court when such actions are within the original jurisdiction of the federal court. Original federal

---

[1] Claims against individuals in their official capacities are equivalent to claims against the entity in which they work
for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v.
Melo*, 502 U.S. 21, 25 (1991)).

This case assigned to District Judge Miller
and to Magistrate Judge Harris

question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action. Plaintiff's Complaint clearly states a claim that arises under the United States Constitution. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

     5.     Venue is proper in this Court.

     6.     A true and correct copy of the pleadings served on Defendant is attached hereto as Exhibit "A" and incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on Defendant. The Answer filed on behalf of the City is also attached hereto as Exhibit "B" for the convenience of the Court.

     7.     Pursuant to 28 U.S.C. §1446, the City hereby gives notice of the removal of this action from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern District of Arkansas.

     Wherefore, the City prays that this action be removed from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern District of Arkansas, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**SEPARATE CITY DEFENDANT**

By: _____

Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR  72115
TELEPHONE: (501) 978-6115
FACSIMILE: (501) 978-6558
EMAIL: jenadams@arml.org

## <u>CERTIFICATE OF SERVICE</u>

I, Jenna Adams, hereby certify that on August 14, 2024, that a true and correct copy of the above and foregoing has been served upon the attorney(s) of record of record as referenced via email:

Luther Oneal Sutter
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com

_____
Jenna Adams

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

CHEEZY PULLIAM                                                              PLAINTIFF

VS                         CASE NO. 54CV-24-501

EARNEST CHAD RASH, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY, AS AN OFFICER FOR
THE CITY OF WEST MEMPHIS                                          DEFENDANTS

### COMPLAINT

Comes the Plaintiff, **CHEEZY PULLIAM**, through counsel, **SUTTER & GILLHAM,**

**P.L.L.C.;** and, for this Complaint, states:

### PARTIES AND JURISDICTION

1.      Plaintiff **CHEEZY PULLIAM** is a resident and citizen of Crittenden County,

Arkansas, who brings this action against Defendant, **CHAD RASH,** (hereinafter "Rash"), in his

Individual and Official Capacity as an officer for the City of West Memphis, an Arkansas,

Municipality.

2.      This is an action brought for assault and battery, felony aggravated assault, and

violation Plaintiff's State and Constitutional rights, as allowed by the Arkansas Civil Rights Act

of 1993 and 42 USC 1983.

3.      Since Plaintiff is a resident of this County, venue is proper.  All actions were taken

under the color of law.

### GENERAL ALLEGATIONS OF FACTS

4.      On October 5, 2023, West Memphis Police Department (hereinafter "WMPD")

Officer Earnest Chad Rash pursued a vehicle driven by Plaintiff that crossed into the City of

Memphis.

**EXHIBIT**
**A**

5.      The vehicle lost control and ended up in a ditch with an embankment where the driver and passenger were taken into custody.

6.      While the Plaintiff was lying on his stomach and being handcuffed by another Officer, Rash came down of the embankment and kicked Plaintiff square in the face with enough force causing Rash to tumble forward on the ground.

7.      Plaintiff, Pulliam, filed an internal complaint that Rash kicked him which resulted in an Internal Investigation.

8.      Rash, who obviously didn't know the video existed, denied kicking Pulliam and stated that he lost his footing going down the embankment and tripped causing him to fall. He stated he made no contact with Pulliam....The video proved that to be a lie.

9.      Based off the video and Rash's untruthfulness, Police Chief Robbin Campbell appropriately terminated Rash on November 3rd, 2023.

10.     Mayor McClendon apparently felt that was too harsh.

11.     So, in a letter dated January 31st, 2024, he reinstated Rash giving him only a 10-day suspension, thereby ratifying Rash's conduct.

12.     Defendant Rash used more force than was reasonably necessary effectuate the arrest and Defendants John Doe 1-5 failed to intervene, thereby violating Plaintiff's state and federal constitutional rights by failing to intervene.

## CAUSES OF ACTION

12.     The Plaintiff reasserts and incorporates all previous paragraphs into each subsequent Count. Each enumerated count also incorporates all allegations of all other counts.

## COUNT ONE:
## INDIVIDUAL LIABILITY OF DEFENDANT CHAD RASH

13.    The individual Defendants committed the above described actions and/or omissions under the color of law and by virtue of their authority as a law enforcement officer and employee of Defendant City of West Memphis and substantially deprived the Plaintiff of his clearly established rights, privileges and immunities guaranteed to him as citizens of the United States in violation of 42 U.S.C. §1983 and deprived Plaintiff of the rights guaranteed to him by the First, Fourth and Fourteenth Amendments of the United States Constitution including, but not limited to:

a.    Freedom from unreasonable search and seizure of his person;
b.    Freedom from deprivation of liberty without due process of law;
c.    Freedom from summary punishment;
d.    Freedom from the use of excessive and deadly force;
e.    Denial of equal protection of the law;
f.    Freedom from racial discrimination;
g.    Freedom from arbitrary governmental activity which shocks the conscience of a civilized society; and
h.    Retaliation for exercising his First Amendment rights through requesting basis for arrest.

54.    Defendants Chad Rash also attempted to interfere with Plaintiff's civil rights by committing the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers and employees of the City of West Memphis by attempting to cover-up the unconstitutional and unjustified exercise of force by engaging in efforts to intimidate witnesses to the excessive force by threatening Plaintiff with criminal action. These unconstitutional and illegal actions substantially deprived Plaintiff of his clearly established rights, privileges and immunities guaranteed to him as citizens of the United States in violation of 42 U.S.C. §§1981, 1985 & 1986, by attempting to intimidate witnesses.

55.    Defendant Chad Rash interfered with Plaintiff's civil rights by committing the above described actions and/or omissions with an intent to discriminate against the Plaintiff on the basis of their race, under the color of law, by virtue of their authority and in the scope of their employment as law enforcement officers and employees of the City of West Memphis in violation of 42 U.S.C. §1981 and Title VI of the Civil Rights Act of 1964 by depriving Plaintiff, based on his race or color, of their clearly established rights to equal benefit and like punishment. Therefore, Defendant Chad Rash denied Plaintiff equal protection of laws because of their race or color.

56.    As a result of the following acts and omissions, Defendant Chad Rash violated Plaintiff's constitutional and federally protected rights and Plaintiff sustained serious and significant damages.

## COUNT II:
## MUNICIPAL LIABILITY AGAINST CITY OF WEST MEMPHIS

57.    The City of West Memphis is under a constitutional duty to properly hire, provide policy guidance, train, supervise and discipline the members of the West Memphis Police Department (WMPD) to ensure that the policing activities of the WMPD are run in a lawful manner, preserving to the citizens of the City the rights, privileges and immunities guaranteed to him by the Constitutions of the United States of America and the State of Arkansas and the laws of the United States of America and the State of Arkansas.

58.    The City permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice or custom of its police officers, including Defendant Dunkin, violating the constitutional rights of the public at large, including Plaintiff.

59.    The actions of Defendant Chad Rash complained of herein were unjustified, unreasonable, unconstitutional, excessive and grossly disproportionate to the actions of the Plaintiff, and constituted an unreasonable search and seizure effectuated through the use of

excessive and deadly force and a deprivation of Plaintiff's constitutional rights secured to him by the First, Fourth and Fourteenth Amendment of the United States Constitution and other federally protected rights.

      60.    The City is directly liable to the Plaintiff for damages due to following policies, practices and customs of the WMPD which were in effect at the time and which were maintained with deliberate indifference to the constitutional rights of citizens and which were the underlying cause of the constitutional violations:

    a.    Failure to provide the West Memphis Police Department with sufficient funds for proper operation of the WMPD;

    b.    Failure to properly screen potential law enforcement officers, including Defendants, to determine if they were qualified and fit to serve as law enforcement officers with the WMPD;

    c.    Failure to properly and adequately train the WMPD 's officers, including Defendants, regarding obvious law enforcement activities including, but not limited to: 1) patrolling procedures; 2) traffic stops; 3) *Terry* stops; 4) misdemeanor stops; 5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending/arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 17) investigating officer compliance with policy and procedure and critical incidents; 18) monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) duty to intervene to prevent civil rights violations.

    d.    Failure to properly and adequately supervise and discipline the WMPD's officers, including Defendants, regarding obvious law enforcement activities including, but not limited to: 1) patrolling    procedures; 2) traffic stops; 3) *Terry* stops; 4) misdemeanor stops;    5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending or arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports;    17) investigating officer compliance with policy and procedure and critical incidents; 18)

monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) civil rights laws and violations.

e.     Failure to adequately monitor and evaluate the performance of the WMPD's officers, including Defendants, regarding their compliance with the laws and policies, practices and customs with respect to: 1) patrolling procedures; 2) traffic stops; 3) *Terry* stops;   4) misdemeanor stops; 5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending/arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 17) investigating officer compliance with policy and procedure and critical incidents; 18) monitoring officer compliance with policy; 19) early warning systems; 20) racial     profiling; and 21) civil rights laws and violations.

f.     Failure to adequately respond to and investigate complaints regarding officer misconduct by the citizenry of the WMPD's officers, including Defendants, regarding: 1) patrolling procedures; 2) traffic stops; 3) *Terry* stops; 4) misdemeanor stops; 5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending/arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 17) investigating officer compliance with policy and procedure and critical incidents; 18) monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) civil rights laws and violations.

g.     The WMPD  is aware that a "code of silence" exists among members of its department whereby officers of the WMPD will not intervene or report misconduct of fellow officers and cover-up improper conduct and has failed to take such steps to preclude its existence in the WMPD . As a result of the "code of silence" which exists at the WMPD, officers act unconstitutionally without fear of discipline from the WMPD .

61.    The City knew or should have known that the above-referenced policies, practices, and/or customs, translated into an underqualified and undertrained police force that was ill-equipped to perform obvious and necessary law enforcement activities without exposing the public to unwarranted danger of injury.  Therefore, the City's policymakers were  on  actual  or

constructive notice of the deficiencies with its policies, practices and customs which make officer misconduct a foreseeable consequence.

62.    The City knew or should have known that the above-referenced policies, practices, and/or customs, would likely lead to the serious injury or death to persons in the City of West Memphis and that such injuries were foreseeable; yet, they disregarded that risk.

63.    The aforementioned policies, practices and customs were inadequate in relation to the specific tasks their officers must routinely perform and with respect to activities where there is an obvious need for proper policies, practices and customs and therefore, illustrated its deliberate indifference and/or reckless disregard to the consequences of officer misconduct.

64.    The City's above referenced policies, practices and/or customs violated Plaintiff's constitutional rights; and said policies, practices and/or customs were the moving force behind and proximate cause of said violations.

65.    The City's above referenced policies, practices and/or customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of citizens, including Plaintiff, and was the proximate cause of the injuries and damages sustained by Plaintiff, and evidenced a reckless or callous indifference to the federally protected rights of Plaintiffs.

66.    By failing to recognize or correct the deficiencies with its policies, practices and customs, the City consciously disregarded the known and foreseeable consequences thereof.

67.    The City's deliberately indifferent policies, practices and customs were the moving force behind the deprivation of their Plaintiff's constitutional rights.

68.    There is a direct causal link between the policies, practices and customs and the violation of Plaintiff's state and Federal constitutional rights.

69.     As a direct and proximate result of the foregoing policies, practices and customs of the City, the violation of the state and federal constitutional rights of citizens by the members of the WMPD  and Defendant Chad Rash was substantially certain to occur.  In addition, as a direct and proximate result of the aforementioned policies, practices and customs of the City, Plaintiff's constitutional rights were violated and they sustained injuries and damages.

## COUNT III: ARKANSAS CIVIL RIGHTS ACT

70.     In addition to violating Plaintiff's federally protected constitutional rights as alleged in Counts I & II, the Defendants violated Plaintiff's clearly established rights guaranteed to him by the Arkansas Constitution in violation of the Arkansas Civil Rights Act.

71.     With respect to the violations of Plaintiff's state constitutional rights by Defendants, Plaintiff incorporate the allegations set forth in Count I.

72.     With respect to the violations of Plaintiff's state constitutional rights by Defendant City of West Memphis and the WMPD , Plaintiff incorporate the allegations set forth in Count II.

## COUNT IV: STATE LAW TORTS

73.     By virtue of the facts alleged herein, Plaintiff has been the victims of common law assault and battery, as well as a felony of aggravated assault, and outrageous conduct, as well as a victim of a felony as defined by Ark. Code Ann. § 16–118–107.

74.     Plaintiff brings these state actions against the applicable Defendants as set forth under Arkansas law which include claims against the City of West Memphis for all actions performed by Defendant Chad Rash in the course and scope of his employment with the City of West Memphis and Defendant Chad Rash any other actions.


## COUNT VI: PUNITIVE DAMAGES

78.    The actions set forth herein committed by Defendant Chad Rash were intentional, malicious, reckless and performed with malice and caused Plaintiff serious emotional and physical damages, entitling the Plaintiff to substantial award of punitive damages against Defendant Rash.

## COUNT VII: DAMAGES

79.    As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional rights were violated and Plaintiff was damaged.  Plaintiffs seek recovery from the Defendants, both jointly and severally, of all damages to which he may be entitled for their injuries and damages to the fullest extent as possible under both state and federal law, including, but not, the following:

a.    Physical pain and suffering;

b.    Emotional pain and suffering;

c.    Medical expenses;

d.    Permanent injuries;

e.    Loss of enjoyment of life;

f.    Loss of wages;

g.    Loss of earning capacity;

h.    Fright, fear, anxiety;

i.    Punitive damages against the applicable Defendants;

j.    Pre- and post-judgment interest;

k.    Statutory and discretionary costs;

l.    Attorneys' fees;

m.    A declaratory judgment that the acts and conduct herein were unconstitutional;

n.    Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring the City of West Memphis to provide proper policy, training and supervision of its officers and holding him accountable for their misconduct; and,

o.    All such further relief, both general and specific, to which they may be entitled under the premises.

## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the Defendants, both jointly and severally, for the injuries sustained by the Plaintiff and prays for judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which they may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the Defendants, both jointly and severally and prays for a judgment against Defendant Chad Rash for punitive damages on the federal and state claims and against the City under the ACRA in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which they may be entitled under the premises.

**WHEREFORE**, Plaintiff prays for appropriate compensatory damages exceeding $1,000,000.00, for a reasonable attorneys' fees and costs, declaratory judgment in that the Defendants have violated Plaintiff's State and Constitutional rights, for an injunction requiring the City of West Memphis to train its police officers, for a trial by jury, and for all other proper relief.

Respectfully submitted,

/s/ Luther Oneal Sutter

By:    Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Caleb Baumgardner, Esq., ARBN2014183
Attorneys for Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
1501 N Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com
Caleb.sglaw@gmail.com

ELECTRONICALLY FILED
Crittenden County Circuit Court
Terry Hawkins, Circuit Clerk
2024-Aug-14  12:00:15
18CV-24-501
C02D02 : 9 Pages

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**CHEEZY PULLIAM**                                                    **PLAINTIFF**

**V.**                                    **CASE NO. 18CV-24-501**

**EARNEST CHAD RASH; individually and**
**in his official capacity, as an officer for**
**the City of West Memphis**                                    **DEFENDANTS**

### ANSWER TO COMPLAINT

Comes now Defendant, Earnest Chad Rash, in his official capacity only[1], ("City"), by and

through its attorney, Jenna Adams, and for its Answer, states:

### PARTIES AND JURISDICTION

1.        The City is without sufficient knowledge or information to admit or deny whether

Plaintiff is a resident or citizen of Crittenden County, Arkansas, therefore, it is denied. The City

acknowledges that Chad Rash is being sued in his individual and official capacities as a police

officer for the City of West Memphis, which is a municipality in the State of Arkansas. Separate

City The City denies that Plaintiff has a viable cause of action for any alleged claims due to its full

and complete denial of any and all wrongdoing alleged.

2.        The City acknowledges that Plaintiff is bringing causes of action under the

Arkansas Civil Rights Act of 1993 and 42 U.S.C § 1983, as well as claims of assault and battery,

---

[1]Claims against individuals in their official capacities are equivalent to claims against the entity
in which they work for, in this case, the City of West Memphis. *Gorman v. Bartch*, 152 F.3d
907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

EXHIBIT
B

and felony aggravated assault. The City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged.

3.     Paragraph 3 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, the City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged. The City is removing this case to federal court as jurisdiction and venue is proper there.

<u>**GENERAL ALLEGATIONS OF FACTS**</u>

4.     The City admits that officers with the West Memphis Police Department pursued a vehicle driven by Plaintiff that crossed into the City of Memphis. The City states that Officer Rash was not involved with the pursuit, but followed the pursuit. The City specifically denies any and all wrongdoing alleged.

5.     The City admits the allegations contained in Paragraph 5 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

6.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

7.     The City admits the allegations contained in Paragraph 7 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

8.     The City is without knowledge or information to admit or deny whether Rash knew that a video existed, therefore, it is denied. The City admits that Rash denied kicking Pulliam and stated that he lost his footing and tripped. The City admits that Rash stated that he did not believe

2

that he made contact with Pulliam. The City denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

9.      The City admits that Chief Robbin Campbell terminated Officer Rash on November 3, 2023. The City denies the basis and characterization of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

10.     The City is without knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

11.     The City admits that, in a letter dated January 31, 2024, the Mayor reinstated Officer Rash, effective January 29, 2024. The City admits that Officer Rash was given a 10-day suspension and was required to participate in an anger management program. The City denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

12.     Paragraph 12 of Plaintiff's Complaint contains a conclusion of law, thus no response is necessary. To the extent a response is deemed necessary, the City denies the allegations contained due to its complete denial of any and all wrongdoing alleged.

## CAUSES OF ACTION

12.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.[2]

## COUNT ONE:
## INDIVIDUAL LIABILITY OF DEFENDANT CHAD RASH

---

[2] Plaintiff's Complaint is missing Paragraph 11. Defendant has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.

3

13.     The City admits that Officer Rash was acting under color of law. The City denies the remaining allegations contained in Paragraph 13, including subparts (a) through (h), of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

54.     The City denies the allegations contained in Paragraph 54 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.[3]

55.     Th City denies the allegations contained in Paragraph 55 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

56.     The City denies the allegations contained in Paragraph 56 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**COUNT II:**
**MUNICIPAL LIABILITY AGAINST CITY OF WEST MEMPHIS**

57.     Paragraph 57 of Plaintiff's Complaint contains conclusions of law, thus no response is necessary. The City denies any and all wrongdoing alleged.

58.     Paragraph 58 of Plaintiff's Complaint refers to someone named "Dunkin," who is not a party to this case. Assuming the allegations contained in Paragraph 58 of Plaintiff's Complaint refer to the City, the City denies the allegations due to its complete denial of any and all wrongdoing alleged.

59.     The City denies the allegations contained in Paragraph 59 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

60.     The City denies the allegations contained in Paragraph 60, including subparts (a) through (g), of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

---

[3] Plaintiff's Complaint is missing Paragraphs 14-53. Defendant has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.

61.     The City denies the allegations contained in Paragraph 61 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

62.     The City denies the allegations contained in Paragraph 62 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

63.     The City denies the allegations contained in Paragraph 63 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

64.     The City denies the allegations contained in Paragraph 64 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

65.     The City denies the allegations contained in Paragraph 65 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

66.     The City denies the allegations contained in Paragraph 66 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

67.     The City denies the allegations contained in Paragraph 67 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

68.     The City denies the allegations contained in Paragraph 68 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

69.     The City denies the allegations contained in Paragraph 69 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

**COUNT III:**
**ARKANSAS CIVIL RIGHTS ACT**

70.     The City denies the allegations contained in Paragraph 70 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

71.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein and specifically deny that it violated Plaintiff's state constitutional rights.

72.     The City realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein and specifically deny that it violated Plaintiff's state constitutional rights.

**COUNT IV:**
**STATE LAW TORTS**

73.     The City denies the allegations contained in Paragraph 73 of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

74.     The City acknowledges that Plaintiff brings these claims pursuant to Arkansas law. The City denies that Plaintiff has a viable cause of action for any alleged claims due to its full and complete denial of any and all wrongdoing alleged.[4]

**COUNT VI:**
**PUNITIVE DAMAGES[5]**

78.     The City is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Complaint, therefore, it is denied. The City specifically denies any and all wrongdoing alleged.

**COUNT VII: DAMAGES**

79.     The City denies the allegations contained in Paragraph 79, including subparts (a) through (o), of Plaintiff's Complaint. The City specifically denies any and all wrongdoing alleged.

---

[4] Plaintiff's Complaint is missing Paragraphs 75-77. Defendant has numbered the paragraphs in its Answer to match the paragraphs as numbered in Plaintiff's Complaint.
[5] Plaintiff's Complaint was missing a Count V.

6

80.     Plaintiff's request for a trial by jury speaks for itself. The City request a trial by jury as to all issues remaining at that time.

81.     The City denies that the Plaintiff is entitled to the relief requested in all three (3) of his WHEREFORE Paragraphs of his Complaint due to its complete denial of any and all wrongdoing alleged.

82.     The City denies each and every allegation not specifically admitted herein.

83.     The City reserves the right to plead further upon additional investigation and discovery, to include an amended answer.

## AFFIRMATIVE DEFENSES

1.     The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2.     The City is entitled to statutory, tort, qualified, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law including but not limited to Ark. Code Ann. § 21-9-301.

3.     The City asserts it did not violate Plaintiff's rights.

4.     The City asserts any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including, but not limited to, justification and privilege.

5.     The City took no actions alleged in the Complaint because Plaintiff allegedly engaged in any protected activity under the Federal and State Constitutions.

6.     The City asserts any affirmative defense suggested by the Supreme Court of the United States Court in the cases of *Garcetti*, *Connick*, and *Pickering*. This includes, but is not limited to, the defense that any speech uttered by Plaintiff about which his Complaint pertains was

7

not a matter of public concern. Further, no alleged protected speech was a motivating factor or cause in fact for Plaintiff's arrest.

7.    The City asserts that Plaintiff was not discriminated against on the basis of his race.

8.    Plaintiff's claims are barred in whole, or in part, by his failure to complete required procedural prerequisites to this lawsuit.

9.    Plaintiff has failed to exhaust applicable and available administrative remedies.

10.    As deemed applicable, the City asserts the affirmative defenses of *res judicata*, collateral estoppel, Rooker-Feldman, *Younger* abstention doctrine, and *Heck v. Humphrey*.

11.    The City asserts that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

12.    Punitive damages are not recoverable against a municipality as a matter of law.

13.    The City asserts that Plaintiff's alleged damages did not occur as a result of any custom, policy, or practice of the City of West Memphis.

14.    There has been no failure to train or supervise by the City.

15.    The City expressly denies that it can be held liable to the Plaintiff under the theory of *respondeat superior*.

16.    The City reserves the right to amend its answer to assert any such defenses as may become available or apparent during the pendency of this action.

WHEREFORE, the City prays that the relief prayed for by the Plaintiff be denied and that the Complaint be dismissed, and for all other just and proper relief to which it may be entitled.

8

Respectfully submitted,

**SEPARATE CITY DEFENDANT**


By: /s/ Jenna Adams
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR  72115
TELEPHONE: (501) 978-6115
FACSIMILE: (501) 978-6558
EMAIL: jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on August 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the eFlex system which shall send notification to the following eFlex participants:

Luther Oneal Sutter
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com


/s/ Jenna Adams
Jenna Adams